UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL KIRKLAND | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| AUTOZONE DEVELOPMENT LLC | * | SEC.     MAG. |
| | * | JUDGE |
| | * | MAGISTRATE |

## **COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, Michael Kirkland, a person of the full age of majority and a resident of the State of Louisiana, who, with respect, shows the Court as follows:

1.

That Autozone Development, L.L.C., made a party defendant herein, is a foreign limited liability company authorized to do and doing business in the State of Louisiana and within this district. Autozone Development, L.L.C.'s sole listed officer/member is Autozone Investment Corporation, which resides in and is located in Memphis, TN.

2.

Jurisdiction exists in this court under 28 U.S.C 1332 because there is complete diversity between Petitioner and the defendant and the amount in controversy exceeds $75,000.  Venue is appropriate in this Court under 28 U.S.C 1391(a) because the occurrence giving rise to this action occurred on property owned, controlled by the defendant in this district, and which property the defendant exerted garde over.

3.

That on or about January 15, 2022, Petitioner, Michael Kirkland, was shopping at an Autozone located at 21552 Harrison Avenue, Abita Springs, LA, and as he was walking to the area or the store where he intended to select an item for purchase, he slipped and fell on a wet, slippery substance which was in the middle of the floor and unseen by him, causing him to fall, which resulted in injury to his back, neck, left shoulder and left hand.

4.

Petitioner, Michael Kirkland's injuries resulted in a compression fracture of his vertebrae, and other parts of his body that may require surgery in the future, and he has been caused to sustain pain, suffering and anguish, both mental and physical and he has incurred medical expenses and will incur medical expenses in the future to include the costs of future surgery or surgeries.

5.

That the aforesaid accident occurred through no fault of Petitioner, Michael Kirkland, but rather solely through the fault of the Defendant in breaching their duty to keep the premises of their establishment clean, safe and free from defects and hazards, and failing to use due care under the circumstances.  Further, Defendant is strictly liable to Petitioner pursuant to LSA-CC 2315 and/or LSA-R.S. 9:2800.6 because it failed to exercise reasonable care to keep its premises free of hazardous conditions.

6.

By virtue as their roles as owners, operators, managers of its commercial consumer property, the defendants owe general duties of care to provide safe walking and circulation paths throughout the premises, to maintain those paths in good condition, and to warn against all hazards present on those paths.

7.

Petitioner alleges Defendant created or knew of and had actual or constructive knowledge and notice of the dangerous condition and defect of its premises and that which caused his injuries, but the Defendant negligently failed to warn him of the dangerous condition and defect and further failed to use reasonable care in remedying the condition despite having the opportunity to do so.

8.

As the Petitioner walked through the premises to locate an item, he unexpectedly and without prior notice encountered a dangerous, wet slippery substance, which he believes to have been water, which caused him to slip and fall, and it was not until after he fell that Petitioner noticed that defendant has placed a warning sign in the area near the slippery substance, but this signed was not observed by him before he fell because one of the defendant's employee was standing directly in front of the sign and obscuring it.  The employee knew of the slippery substance and knew or should have known he was obscuring the sign warning of the presence of the substance, by standing directly in front of the sign, yet the employee failed to warn Petitioner of the slippery substance.

3

9.

That as a result of the aforesaid injuries, Michael Kirkland, is entitled to recover damages to compensate him for his mental anguish, physical suffering, loss of enjoyment of life, expenses for medical treatment, past and future loss of earnings and other economic loss which entitled him to recover from Defendant damages as are reasonable in the premises.

**WHEREFORE**, Petitioner, Michael Kirkland, prays, that Defendant, Autozone Development, L.L.C, be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Petitioner, Michael Kirkland, and against Defendant, Autozone Development, L.L.C, in solido, for damages as are reasonable in the premises, and each of said judgments to bear legal interest from the date of judicial demand, until paid, and for all costs of these proceedings.

Respectfully submitted:

MORRIS BART, LLC
ATTORNEYS FOR PETITIONER
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 525-8000
FACSIMILE: (504) 324-0738
EMAIL: sjohnson@morrisbart.com

BY:   /s/ *Stephen J. Johnson*
_____
STEPHEN J. JOHNSON, Bar #22439

4

**PLEASE SERVE:**

**AUTOZONE DEVELOPMENT L.L.C.**
Through its agent for service of process:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816