UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL KIRKLAND**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 22-1272**

**AUTOZONE DEVELOPMENT, LLC**                           **SECTION "B"(4)**
**AND AUTOZONE STORES, LLC**

### ORDER AND REASONS

Considering the parties' joint motion to extend scheduling order deadlines and trial setting (Rec. Doc. 14), and for reasons that follow,

**IT IS ORDERED** that the motion is **GRANTED to allow an extension of written reports of experts; and DENIED insofar as it sought a continuance of deadlines for witness lists, exhibit lists, dispositive motions, and motions in limine.**

**Plaintiff's written reports of experts shall be obtained and delivered to counsel for defendant no later than Wednesday, December 21, 2023; and defendant's written reports of experts shall be obtained and delivered to counsel for plaintiff no later than Wednesday, January 18, 2023. All other dates and deadlines will proceed according to the scheduling order (Rec. Doc. 11).**

Fed. R. Civ. P. 16(b)(4) states, "[a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th

1

Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2012)). The Court uses four factors to determine if there is good cause under Rule 16: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotations omitted) (quoting *Meaux Surface Prot., Inc. v. Folgeman*, 607 F.3d 161, 167 (5th Cir. 2010)).

Here, parties do not show or allege that "deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres*, 782 F.3d at 237 (internal quotations omitted) (quoting *Filgueira*, 734 F.3d at 422). The scheduling order was filed into the record on June 29, 2022, and provided that written reports of plaintiff's experts "shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than December 9, 2022." The instant motion to modify the scheduling order, including extending the deadline to deliver written reports of plaintiff's experts, was filed on December 9, 2022. *See* Rec. Doc. 14. Without providing specific dates, the joint motion states that the parties recently took the depositions of fact witnesses that "will likely influence the parties' decision on expert retention." *Id.* at 1. Parties do not demonstrate diligence in attempting to adhere to the current scheduling order.

Additionally, parties fail to address any of the factors outlined by the Fifth Circuit to determine good cause to modify the scheduling order under Fed. R. Civ. P. 16. In the interest of justice, the Court will analyze the relevant factors. Regarding the first factor, which considers parties' explanation for failure to timely comply, parties allege that they have recently completed depositions of some fact witnesses which "will likely influence the parties' decisions on expert retention," in addition to informing the Court that a former employer of the defendant failed to appear at his noticed deposition. *See* Rec. Doc. 14 at 1-2. Parties provide no specific dates of the completed depositions, or any description of the former employer and the relevance of his testimony. Overall, parties provide little explanation for their failure to timely comply with the scheduling order.

In support of the second factor, parties argue that modification will "permit the parties sufficient time to complete discovery and to retain expert witnesses, and then, if appropriate, file case dispositive motions." *Id.* at 1. However, parties do not argue that outstanding or additional deposition are necessary to determine whether experts need to be retained, only that testimony from recently taken depositions "will likely influence" the decisions. *Id.* Parties make no additional allegations regarding the importance of modifying the scheduling order.

Neither party alleges prejudice as a result of requested modification, therefore factors three and four do not aid the Court in determining good cause for modification of the scheduling order.

Whereas the relevant factors do not demonstrate good cause to modify the scheduling order, the Court recognizes that by not extending the deadlines for written expert reports, plaintiff may be prejudiced as the deadline has since passed. Therefore, the Court will provide plaintiff and defendant with brief extensions to obtain and deliver written reports of experts to the opposing party.

New Orleans, Louisiana this 13th day of December 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE